NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

BRITTIAN W. YOUNG, *Appellant.*

No. 1 CA-CR 17-0266
FILED 8-16-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-005528-001
The Honorable Sean E. Brearcliffe, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**W E I N Z W E I G**, Judge:

¶1 Brittian Willie Young appeals his conviction for attempted kidnapping. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Judge Lisa Flores was a superior court judge with the Maricopa County Superior Court in 2016. She sat on the juvenile court bench, where she heard a dependency action involving Young's child. Judge Flores terminated Young's parental rights.

¶3 Several months later, Judge Flores held a status hearing in the dependency action. Young's role had concluded upon termination and he was not a party. He still attended the hearing. He entered the courtroom with the hearing in progress and sat in the last row. He held a bunch of zip ties in one hand and papers in the other.

¶4 As the hearing concluded, Young stood up and quickly approached Judge Flores. He yelled, "Motion to Strike! Motion to Strike!" Judge Flores pushed her panic button to alert court security and rose to her feet. Young paused in front of the bench and asked, "Are you Flores?" He added, "I have a warrant for your arrest," and began "shaking" the papers in his hand, stating that "it was a warrant for [Judge Flores'] arrest signed by a judge."

¶5 Young marched around the clerk's desk, climbed the stairs to the bench and approached Judge Flores. He announced that she had the "right to remain silent." He told her "not to resist" and "to put [her] hands up." Judge Flores responded that Young "can't be up here," directing him to "get down" and "get away from [her]." The courtroom clerk added that Young must "stop" or "he probably would be in a lot of trouble." Young seemed "determined," however, to restrain Judge Flores with zip ties and escort her from the courtroom.

¶6            The bailiff heard the commotion and saw Young standing "behind the bench where [the] judge sits." The bailiff believed that Judge Flores was in danger and thus inserted herself between Young and Judge Flores. Two sheriff's deputies soon arrived and removed Young. Young told the deputies he was "there to make a citizen's arrest."

¶7            Young was indicted for one count of attempted kidnapping under A.R.S. § 13-1304(A)(5) (interference with the performance of a governmental or political function). He moved to represent himself. The superior court granted his motion but appointed advisory counsel to assist him.

¶8            The State moved to preclude Young from presenting evidence on two subjects, including an unrelated property dispute and Judge Flores' termination of his parental rights. The State argued this evidence was irrelevant to the charge of attempted kidnapping. The court agreed and limited the evidence "to the fact that Judge Flores is a Superior Court Judge in Maricopa County, that she handled a civil matter involving the defendant and knows the defendant because of that matter, that she ruled against the defendant, and that the defendant was no longer a party in the case on September 21, 2016."

¶9            The court held a two-day jury trial. Several witnesses testified, including Judge Flores, her bailiff, the courtroom clerk and the arresting deputy. Young cross-examined each witness. He chose not to testify. He introduced no evidence at trial and called no witnesses. The jury found him guilty. After accounting for Young's previous manslaughter conviction, the court sentenced him to the presumptive term of 6.5 years' imprisonment.

¶10            Young timely appealed. We have jurisdiction pursuant to the Ariz. Const. art. 6, § 9, and A.R.S. §§ 13-4031, -4033(A)(1).

## DISCUSSION

¶11            Young argues his conviction should be overturned because he was performing a legal arrest, the State lacked probable cause to charge him with attempted kidnapping and the superior court improperly excluded relevant evidence. We reject his arguments.

¶12            Young first insists he had legal authority to arrest Judge Flores, meaning he could not have kidnapped her. A.R.S. § 13-1301(2) (defining "restrain" in kidnapping context as "restrict[ing] a person's movements without consent, *without legal authority*") (emphasis added). He

did not.  Young had no arrest warrant.  Moreover, only a police officer may execute an arrest warrant.  A.R.S. § 13-3812 ("it shall command the *officer* to forthwith arrest the person complained of . . .") (emphasis added).

**¶13**     Nor did Young have authority to conduct a citizen's arrest under A.R.S. § 13-3884. Arizona law authorizes a citizen's arrest only "[w]hen the person to be arrested has in his presence committed a misdemeanor amounting to a breach of the peace, or a felony" or "[w]hen a felony has been in fact committed and he has reasonable ground to believe that the person to be arrested has committed it."  A.R.S. § 13-3884(1), (2).

**¶14**     Young seems to argue his attempted "arrest" was justified because Judge Flores allegedly conspired with the Department of Child Safety to terminate his parental rights.  We disagree.  Judge Flores did not commit a crime when she heard the evidence in a severance action and terminated Young's parental rights.  A.R.S. § 13-3884(1)-(2).  She simply did her job.  Ariz. R. Sup. Ct. 81, Code of Jud. Conduct, Rule 2.7 ("A judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law.").  Arizona law does not authorize private individuals to arrest and detain judges based on adverse decisions.

**¶15**     We also reject Young's argument that the State lacked probable cause to charge him with attempted kidnapping under A.R.S. § 13-1304(A)(5).   Any lingering questions about probable cause were dispatched after a jury heard the evidence and found unanimously that Young was guilty *beyond a reasonable doubt*. *See State v. Neese*, 126 Ariz. 499, 502-03 (App. 1980) *(*"Prior to trial the question of whether probable cause exists is an open one, however, after a full scale trial in which a jury determines guilt beyond a reasonable doubt the question is closed.").

**¶16**     Young fares no better if we interpret his argument as a claim that insufficient evidence exists to sustain the verdict.  "When reviewing the sufficiency of the evidence, an appellate court does not reweigh the evidence to decide if it would reach the same conclusions as the trier of fact." *State v. Guerra*, 161 Ariz. 289, 293 (1989).  We will affirm if "substantial evidence" supports the verdict. *Id*. Substantial evidence is "[m]ore than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached." *Id*. (quotation omitted).

**¶17**     A person commits attempted kidnapping under A.R.S. § 13-1304(A)(5) by knowingly restraining another person with the intent to interfere with the performance of a governmental or political function.  Young obliquely argues he lacked "criminal intentions," but the record

includes substantial evidence to the contrary. The record indicates that Judge Flores scheduled a status conference in a dependency action involving Young's child. Young's role in the action had concluded when his parental rights were terminated. Undeterred, Young attended the hearing. He sat in the last row. Judge Flores was seated on the bench in her courtroom. As the hearing concluded, Young stood and quickly approached Judge Flores, clutching zip ties in his hand. He directed Judge Flores "not to resist" and "to put [her] hands up." Judge Flores told Young to "get down" and that he "can't be up here." The courtroom clerk warned Young to stop or he would be in trouble. Judge Flores testified that Young was determined to restrain her and remove her from the courtroom.

¶18        The jury thus heard substantial evidence to support its verdict. Young's plot to arrest a superior court judge on the bench in a courtroom squarely demonstrated an intent to interfere with the performance of the judicial function. *See State v. Herrera*, 176 Ariz. 21, 29 (1993) (defendant "clearly interfered" with a governmental function when he grabbed and wrestled a uniformed deputy).

¶19        We further reject Young's argument that the superior court prohibited him from presenting evidence that "could easily prove [his] innocence." Young never identifies the evidence he was prevented from introducing, but we assume he means the court's decision on the State's motion *in limine*. We review the admission of evidence for an abuse of discretion and defer to the superior court's determination of relevance. *State v. Chappell*, 225 Ariz. 229, 238, ¶ 28 (2010). "In determining relevancy and admissibility of evidence, the trial judge has considerable discretion." *State v. Smith*, 136 Ariz. 273, 276 (1983).

¶20        The superior court did not abuse its discretion by excluding evidence of an unrelated property dispute or the court's prior termination of Young's parental rights. This evidence had no relevance to the charged offense of attempted kidnapping. Young has no justification defense, for instance, based on his self-perceived ill-treatment and injustice. At bottom, this evidence was unrelated to any "fact . . . of consequence" and likely to "confus[e] the issues." Ariz. R. Evid. 401, 403.[1]

---

[1]        Young briefly mentions two arguments without elaboration. In his reply brief, he states the prosecutor made "false statements . . . not supported by evidence." But Young identifies no alleged misstatements and provides no record citations. We thus cannot and do not assess the

**CONCLUSION**

¶21        Young's conviction is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

argument. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) ("Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question."); ARCAP 13(a)(6), (7)(A).  Young also generally asserts a violation of the confrontation clause, but he had the chance to cross-examine all witnesses at trial.  And he did so.